Porter, J.
delivered the opinion of the court.* This suit was commenced on an insurance effected on a pilot-boat at the Balize, called the Eliza Patterson. The petition avers, that by tempestuous weather and heavy gales at sea, the said boat was greatly damaged. That the injuries she thus received, made it necessary she should be repaired. That she was so, at the expence of the peti *277 tioner, and that these repairs cost the sum of $1386 60 cents, which the defendants refuse to pay.
East'n District.
Feb. 1821.
The answer consists of a general denial of all the allegations contained in the petition.
The following facts were submitted to a jury, on the part of the plaintiff.
1. Was an insurance effected on the schooner Eliza Patterson, on the day of November, 1817, for a period of six months, as stated in the petition?
The jury answer, yes.
2. Was the amount of expence incurred by the plaintiff, for the repairs of his said vessel, afterwards, during the insured period, the sum of $1386 60 cents, as stated in the petition?
The jury answer, yes.
3. Were the repairs made necessary by the perils of the sea, to which she was exposed in the months of January and February, 1818, or from unseaworthiness of the vessel prior to, and at the time of the insurance?
The jury answer, that the vessel was seaworthy at the time of insurance, and the expence incurred were rendered necessary by the perils of the sea.
*278 4. Does it appear, that during the insured period, she was insufficiently manned, rigged, or found; or, that there was, on the part of the insured, in fact, a want of care or skill in the conduct of the said vessel?
The jury answer, no.
Facts on the part of the defendants.
1. That the said schooner, Eliza Patterson, was not, at the commencement of the voyage, after the voyage began, and during the continuance of the same, sea-worthy.
The jury answer, that she was sea-worthy.
2. That after the insurance, mentioned in the petition, was effected, and before the loss was sustained, the bottom of the said schooner was changed, by taking off her copper, without the leave of the defendants, so as to affect the risk.
The jury answer, to the second question submitted by the defendants, that the copper was taken off, but that there is no evidence that it was taken with or without the leave of the defendants; that the taking off of the copper was rendered necessary after the damage she had sustained at sea. It is the *279 opinion of the jury, that it did not invalidate the policy.
Smith for the plaintiff, Duncan for the defendants.
3. That there was a deviation from the voyage insured.
The jury answer, no.
The district court gave judgment for the plaintiff and the defendants appealed.
The case is submitted to us without argument, and we think, on the facts found by the jury, that the plaintiff is entitled to recover.
The only defence which the defendants have attempted to maintain, viz. a change, without their consent, in the condition of the vessel, after she was insured, by taking the copper off her bottom, has been destroyed by the verdict, which declares, that this change was rendered necessary after the damage she had sustained at sea. We are of opinion, that under these circumstances, the consent of the defendants was not required to authorise the alteration; and it is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

 Martin, J. did not join in this opinion, being a stockholder of the company.